JOHN BALAZS, Bar #157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 505-1687
John@Balazslaw.com

Attorney for Defendant
VITALIY TUZMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>YEVGNIY CHARIKOV, VITALIY TUZMAN, NADIA TALYBOV, and JULIET ROMANISHIN,<br><br>    Defendants.<br>_____ | No. 2:12-CR-0003-LKK<br><br>MOTION TO EXCLUDE EVIDENCE OF UNCHARGED ACTS UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 403; MEMORANDUM OF LAW<br><br>JURY TRIAL<br>Date:  August 5, 2014<br>Time: 10:30 a.m.<br>Hon. Lawrence K. Karlton |

### I. MOTION AND BACKGROUND

Defendant Vitaliy Tuzman moves in limine for an order excluding from the trial in this case any and all evidence of uncharged crimes, wrongs, or acts under Federal Rules of Evidence 404(b) and 403.  In this case, the government has charged the defendants with schemes to defraud in real estate transactions involving two properties: 3505 Lewiston Road, West Sacramento, California (count 1–Charikov and Tuzman); and 3850 Henshaw Road, West Sacramento, California (count 2–Charikov, Talybov, & Romanishin).  Other than evidence of transactions involving these two properties, the Court should exclude evidence of any other real estate transactions or uncharged acts from the trial in this case.

In this case, the indictment charges a scheme to defraud involving two West

Sacramento properties, 3505 Lewiston Road and 3850 Henshaw Road, as follows:

> 7.  The purpose of the scheme to defraud was to use straw buyers to purchase properties in a declining real estate market, which properties the defendants immediately re-sold to other straw buyers at greatly inflated prices. The defendants obtained financing for purchases through the use of loan applications containing material false statements. In this way, lenders were fraudulently induced to provide financing significantly in excess of the true value of the properties such that when the straw buyer ultimately defaulted the lenders suffered losses of at least $830,000.

Indictment, filed 1/5/12, at ¶7. Defendant Tuzman is alleged to be a straw buyer who purchased and sold a property at 3505 Henshaw Road. Indictment, at ¶2

A jury trial with respect to all four defendants is set for August 5, 2014, with motions in limine to be heard at the start of trial. No lenders are charged with any fraud in this case.

## II. ARGUMENT

Under Federal Rule of Evidence 404(b),[1] "evidence of other crimes or bad acts [is] admissible only when offered for purposes other than 'to prove the character of a person in order to show action in conformity therewith.'" *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993). Upon the request of the defense, the prosecution "must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to

---

[1] Fed. R. Evid. 404(b) states, in full:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses: Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(**A**) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(**B**) do so before trial–or during trial if the court, for good cause, excuses lack of pretrial notice.

2

offer at trial." Fed. R. Evid. 404(b)(2)(A).  To be admitted under Rule 404(b), evidence must satisfy a four-part test:

> (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other charged acts must be similar to the offense charged.

*Bradley*, 5 F.3d at 1320.  Further, even if otherwise admissible under Rule 404(b), the evidence must still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Ninth Circuit has repeatedly "emphasized that extrinsic acts evidence 'is not looked upon with favor.'" *Id.* (quoting *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985)).  As the Court explained in *Hodges*,

> Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.  Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed.  Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.  *See id.*; E. Cleary, *McCormick on Evidence*, § 190, p. 447 (rev. ed. 1972); 1A J. *Wigmore on Evidence* § 58.2, at 1212-13 (3d ed. Tiller rev. 1983).

770 F.2d at 1449.

### A. Evidence Of Charges And Acts in *United States v. Mysin*, No. 12-CR-0003-LKK

In addition to the charges in this case, the government has charged defendant Tuzman as one of seven defendants in *United States v. Mysin*, No. 2:12-CR-0003-LKK ("*Mysin* case").[2]  That case involves alleged fraud schemes involving seven residential

---

[2] Although Tuzman is the only defendant charged in both cases, he is a bit player in both cases.  The government alleges that he acted as a straw buyer for one property in each case.

properties. Tuzman is alleged to have been a straw buyer for one of the seven properties, 3800 Tahoe Street, West Sacramento, California. The Court should exclude any and all evidence involving the fraud charges and acts in this separate case. First, the government has not provided notice that it intends to introduce evidence of the transactions in the *Mysin* case as required for admission under Rule 404(b). Second, even if it had, evidence of the transactions in the *Mysin* case would be inadmissible under Rules 404(b) and 403 as it would not be relevant for any permissible Rule 404(b) purpose and the danger of unfair prejudice would substantially outweigh its limited probative value. For these reasons, the Court should preclude any and all evidence of the real estate transactions or allegations of fraud against Tuzman in the *Mysin* case at the trial in the instant case.

### B. Evidence Of Other Real Estate Transactions Other Than Two Charged Transactions (3505 Lewiston Road and 3850 Henshaw Road)

On July 17, 2014, the government provided the defense with a FBI 302 report of an interview of Val Mysin that took place two days earlier. (Mysin is the lead defendant in *United States v Mysin*, No. 2:11-427-LKK. He has pled guilty and is expected to be a government cooperating witness). In this interview report, Mysin discusses dealings he has had with defendants Yevgeniy Charikov and Juliet Romanishin concerning the charged 3850 Henshaw Road property and separate transactions involving four other properties: (1) 3596 Squaw Road, West Sacramento; (2) 1153 Southwick, Lincoln; (3) 3869 Isabella Street; and (4) 804 Downing Circle, Lincoln.

On July 21, 2014, the government sent an email to defense counsel purportedly to provide notice under Rule 404(b) as follows:

> Although the government believes that Mysin's statements regarding Mysin's mortgage dealings other than the Henshaw property (memorialized in the FBI 302 provided by email on 7-17-14) fall within the 9th Circuit's doctrine of "inextricably intertwined," in an abundance of caution, the United States hereby gives notice under Federal Rule of Evidence 404(b) that we intend to use these statements in our case in chief.
>
> Although these dealings are inextricably intertwined with the entire scheme, they also provide proof of motive, intent opportunity, preparation, plan, knowledge, and absence of mistake or accident."

Although Tuzman is not alleged to have been involved in the transactions involving the other four properties discussed in Mysin's 7/17 FBI 302 report, he moves to exclude evidence of these transactions under Rules 404(b) and 403 to avoid improper spillover evidence. Preliminarily, the evidence of these four uncharged real estate deals is not admissible under the disfavored, "inextricably intertwined" doctrine. The Ninth Circuit has long cautioned that the "inextricably intertwined" doctrine should be applied narrowly. *United States v. Hill*, 953 F.2d 452, 457 n.1 (9th Cir. 1991). The doctrine has come under increasing criticism in recent years and has recently been abolished in the Seventh Circuit. *United States v. Gorman*, 613 F.3d 711 (7th Cir. 2010) (holding that the inextricably intertwined doctrine can no longer be used to admit evidence as the doctrine has become "overused, vague, and quite unhelpful"); *United States v. Green*, 617 F.3d 233, 248 (3d Cir. 2010) ("Like its predecessor res gestae, the inextricably intertwined test is vague, overbroad, and prone to abuse, and we cannot ignore the danger it poses to the vitality of Rule 404(b)."); *United States v. Bowie*, 232 F.3d 923 (D.C. Cir. 2000) (noting the doctrine has no basis in the text of Rule 404(b) and criticizing the overbroad manner in which many courts have applied the doctrine); *United States v. Ameri*, 297 F. Supp.2d 1168, 1169-73 (E.D. Ark. 2004) (same).

While appellate courts have been narrowing or abolishing the inextricably intertwined doctrine in its entirety, the government here impermissibly seeks to broaden its scope. The Ninth Circuit has found evidence admissible as intertwined with the offense when it was *necessary* for the prosecutor to provide a coherent and comprehensible story of the offense, *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995), such as to establish such facts as the time, place, and circumstances of the acts forming the charges. *United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1996). But here the four additional transactions are neither part of the charges nor necessary to put the charged acts in context. Rather, because they are entirely separate transactions, evidence concerning these transactions are not "inextricably intertwined" with the charged offenses. *See, e.g., United States v. Stephens*, 571 F.3d. 401, 410-11 (5th Cir. 2009) (evidence about a fake

5

Red Cross website to solicit charitable donations was not admissible as inextricably intertwined to the charged offense involving a fake Salvation Army website because while the "actions are similar, . . . they were still distinct events"); *United States v. Hagerman*, 555 F.3d 553, 555 (7th Cir. 2009) (for admission under the doctrine, it must be infeasible to separate out the evidence about the two offenses). The government's attempt to admit evidence of four uncharged real estate transactions in this case is a textbook example of how the inextricably intertwined doctrine can be misused to avoid the strict requirements of 404(b).

 Under Rule 404(b), the government's notice informing defense counsel of its intent to introduce other act evidence is wholly lacking. It was provided only this morning, about two weeks before trial. It would require the defense at this late date to investigate four new real estate transactions, which would be near impossible given the late date and preparation needed to defend against the two charged transactions. Further, other than a boilerplate recitation of the permissible purposes for evidence under Rule 404(b), it does not provide the specific purposes for which the evidence is sought to be admitted or explain why the proffered evidence passes muster for admission under Rules 404(b) and 403. *See United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence"). Finally, the uncharged evidence would tend to mislead or confuse the jury and thus is inadmissible under Rule 403. Rather than simply evaluating the evidence on the two charged real estate transactions, there is a great danger that the jury would attempt to hold the defendants accountable for the four additional uncharged transactions, regardless of their guilt on the two charged offenses. *See United States v. Bradley*, 5 F.3d 1317, 1321 (9th Cir. 1993) ("danger [of unfair prejudice] is particularly great when the 'the extrinsic evidence was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged.'") (quoting *United States v. Anderson*, 933 F.2d 1261, 1272 (5th Cir. 1991)).

## III. CONCLUSION

For these reasons, the Court should grant defendant Vitaliy Tuzman's motion to exclude evidence of any and all uncharged acts under Federal Rule of Criminal Procedure 404(b) and 403.

Dated: July 21, 2014

Respectfully submitted,

/s/ John Balazs
JOHN BALAZS

Attorney for Defendant
VITALIY TUZMAN