1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,           No.  CR. S-12-003 LKK

12               Plaintiff,

13        v.                             **ORDER**

14   YEVGENIY CHARIKOV, et al.,

15               Defendants.

16

17        The government's and defendants' <u>in limine</u> motions came on

18   for hearing on August 5, 2014, and were resolved as follows:

19        1.   Defendant's Nadia Talybov's motion to dismiss the

20   indictment (ECF No. 86), is **DENIED**;

21        2.   Defendant Juliet Romanishin's motion to exclude expert

22   testimony (ECF No. 80), joined by defendants Talybov and Vitaliy

23   Tuzman, is **DENIED** as moot, the government having given its

24   assurances that its witnesses will offer only percipient witness

25   testimony such as the price of specific properties, length of

26   specific properties on the market and the like, and will not

27   testify about expert matters and opinions such as "weakness" in

28   the market;

                                    1

3.    Defendant Romanishin's motion to exclude the use of the terms "straw buyer" and "straw seller" (ECF No. 81), joined by Talybov and Tuzman, is **DENIED**;

4.    Defendant Romanishin's motion to exclude out-of-court testimonial statements of co-defendants not made available for cross-examination (ECF No. 85), joined by Talybov and Tuzman, along with Tuzman's similar motion (ECF No. 73), joined by Talybov, are held in abeyance pending the efforts of defendants and the government to work out redactions of the statements so as to render the motion moot;

5.    Defendant Romanishin's motion to exclude evidence of uncharged crimes (ECF No. 83), including such testimony offered by Valeri Mysin, and joined by Talybov and Tuzman, along with Tuzman's similar motion (ECF No. 75), joined by Charikov, Romanishin and Talybov, is **GRANTED**.  The government may offer Mysin's testimony, and that of other witnesses, so long as it is bifurcated so as to exclude evidence of uncharged crimes, including the Squaw Road property;

6.    The government's motion to admit evidence of uncharged crimes (ECF No. 78), is **DENIED** on the same basis that the above defendants' motions (ECF Nos. 75 and 83), were granted;

7.    The government's motion to exclude evidence of lender fault or negligence (ECF No. 79), is **DENIED** to the degree it seeks to exclude evidence relating to the materiality of defendants' alleged misstatements, and their alleged intent to defraud;

8.    The government's motion to exclude the expert testimony of Mitchell S. Chernock pending a <u>Daubert</u> hearing (ECF No. 114),

1    is held in abeyance until such time as the court can determine –
2    based upon the evidence admitted during the trial – whether
3    Chernock's testimony would be cumulative, or rather would be
4    about a matter in dispute.  If cumulative, the testimony will be
5    excluded, if about a matter in dispute, it will be admitted.
6        9.    The government's motion for a <u>Daubert</u> hearing regarding
7    William Black (ECF No. 114), is **GRANTED**, but only to the extent
8    it seeks to determine or limit the scope of his testimony.
9        IT IS SO ORDERED.
10       DATED:  August 6, 2014.



                                    _____
14                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
15                                  UNITED STATES DISTRICT COURT